FILED
2017 Aug-24 PM 05:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **JAMES PERRY WORKS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: |
| v. ) | |
| ) | |
| **QBE INSURANCE** ) | 4:17-cv-01439-VEH |
| **CORPORATION; BANC OF** ) | |
| **AMERICA INSURANCE** ) | |
| **SERVICES, INC.,** ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

TO:   John Edward Cunningham
      Cunningham Law LLC
      852 Chestnut Street
      Gadsden, AL 35901

      Cassandra Johnson, Circuit Clerk
      801 Forrest Ave #202,
      Gadsden, AL 35901

Formerly County Circuit of Etowah County, Alabama Court Case No.: 31-CV-2016-900721.

Pursuant to 28 U.S.C. § 1332, 1367, 1441, and 1446, defendant QBE

Insurance Corporation ("QBE") gives notice of the removal of this cause from the Circuit Court of Etowah County, Alabama, to this Honorable Court and as grounds therefore states the following:

1. An entire copy of the state court file as it exists on August 24, 2017, including all process, pleadings, and orders served on QBE, is attached hereto as Exhibit A.

2. Plaintiff James Perry Works ("Plaintiff") filed a complaint in the Circuit Court of Etowah County, Alabama on October 10, 2016 seeking damages for breach of contract out of an alleged failure by QBE[1] to pay for wind damage to Plaintiff's home which allegedly occurred on May 28, 2014. (*See* Exhibit A, Doc. 2.) The case was assigned case number 31-CV-2016-900721. (*Id.*)

3. QBE was served with the original Summons and Complaint on October 17, 2016. (*See* Exhibit A, Doc. 6.) The original Complaint contained an ad damnum clause seeking $25,000.00 in damages. (*See* Exhibit A, Doc. 2 at Unnumbered Ad Damnum Clause.) Accordingly, the original Complaint did not put QBE on notice that the case was removable to federal court.

4. Plaintiff filed an Amended Complaint on December 5, 2016 containing

---

[1] The original Complaint asserted a claim against "QBE Americas Inc." QBE Americas Inc. is an affiliate of QBE, has its primary office in New York and is therefore a citizen of New York. Counsel for QBE informed plaintiff's counsel that the proper entity issuing the policy was "QBE Insurance Corporation." (Exhibit A, at Doc. 11.) Plaintiff amended the complaint to add QBE Insurance Corporation. QBE Americas Inc. was then dismissed from the suit and is no longer a party. (Exhibit A, Doc. 17.)

the exact same ad damnum clause as the original Complaint, which requested $25,000.00 in damages. (*See* Exhibit A, Doc. 8 at Unnumbered Ad Damnum Clause.) Again, the Amended Complaint did not put QBE on notice that the case was removable to federal court.

5. QBE served Interrogatories to Plaintiff on April 4, 2017. (Exhibit A, Doc. 21.) Interrogatory number 2 requested that Plaintiff "Specify each and every item of damage for which you seek compensation or other recovery in this action against this defendant, including the specific dollar amount claimed to be incurred by you with respect to each item of damage claimed herein respectively." (Exhibit A, Doc. 22, at ¶ 2.)

6. Plaintiff responded to Interrogatory number 2 by listing his alleged damages suffered to date: "Roof-$14,800.00; bedroom floor- $3,206.00; floors in kitchen, living room and diving [SIC] room-$34,380.00; replace sheetrock throughout-$42,375.00; remove and replace insulation in attic-$2,480.00; replace crown moldings[SIC], baseboards and window and door trim- $16,800.00; waste removal-$6,500.00." (Exhibit B, Pl.'s Signed Resp. to Def.'s IROGs, at ¶ 2.) With this response, Plaintiff for the first time increased his claim of damages from $25,000.00 to $120,541.00.

7. Plaintiff's Responses to QBE's Interrogatories were served on QBE August 16, 2017. (Exhibit A, Doc. 40-41.) This was the first notice to QBE that

Plaintiff was claiming damages in excess of $75,000.00 in this case. (*See* Exhibit A.)

8.  As a result, this Notice of Removal is filed within thirty (30) days of the receipt of "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) and 1446(c)(3)(A) ("[I]nformation relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as 'other paper' under subsections (b)(3)."). Therefore, the notice of removal has been filed within the time allowed by law under 28 U.S.C. § 1446(b). 28 U.S.C. § 1446(b)(2)(B). Furthermore, less than one year has passed since the filing of this action in state court (Exhibit A, at Doc. 2); therefore, this removal meets the requirements of 28 U.S.C. § 1446(c)(1).

9.  Pursuant to 28 U.S.C. § 1446(d), QBE is filing a "filed" stamped copy of this Notice with the Clerk of the Circuit Court of Etowah County, Alabama through the court's electronic filing system and providing written notice to all parties.

10. This action is properly removable to this Court under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the state action is pending.

## DIVERSITY JURISDICTION

11. This removal is based on diversity jurisdiction. 28 U.S.C. § 1332.

12. To confer diversity jurisdiction, the amount in controversy between the

parties must exceed the sum or value of $75,000.00 exclusive of interest and costs. 28 U.S.C. § 1332(a). Moreover, the action must be brought "between citizens of different States." 28 U.S.C. § 1332(a)(1).

### I. Plaintiff Is Completely Diverse from All Properly Joined and Served Defendants

13.  Plaintiff James Perry Works is a resident citizen of the State of Alabama. (Exhibit A, Doc. 2 at ¶1.)

14.  QBE is a foreign corporation organized and existing under the laws of the state of Delaware and has its principal place of business in the State of New York. (Exhibit C, Alabama Secretary of State Printout.) Therefore, QBE is a citizen of New York.

15.  Defendant Banc of America Insurance Services, Inc. ("BOA Insurance") is a foreign corporation organized and existing under the laws of the State of Maryland and has its principal place of business in the State of North Carolina. (Exhibit D, Alabama Sec. of State Printout.) Therefore, BOA is a citizen of North Carolina. BOA Insurance, however, has not been served in this case. (*See* Exhibit A.)

16.  Because BOA Insurance has not been served in this case, its consent is not required to remove the case. 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

## II.     The Amount in Controversy Exceeds $75,000

17.     Although the Plaintiff originally made a demand of $25,000.00 in his Complaint, his responses to QBE's Interrogatories show that he now demands $120,541.00 in damages. (*See, supra*, ¶ 6; Exhibit B, ¶ 2.)

18.     Under the amendments to § 1446(a), "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

19.     Here, the amount in controversy now exceeds $75,000. As alleged by the Plaintiff in paragraph 2 of his responses to QBE's Interrogatories, he is seeking $120,541.00 in damages from QBE for QBE's alleged failure to pay under a policy of insurance. (*See, supra*, ¶ 6; Exhibit B, ¶ 2.) Accordingly, Plaintiff's interrogatory responses establish that the amount in controversy exceeds the jurisdictional threshold.

20.     Based on the foregoing, this action is one over which this Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, this action is removable under 28 U.S.C. § 1441, *et seq.*, and QBE has timely removed this action to this Court.

QBE does not, by virtue of filing this Notice of Removal, waive any defenses or objections available to it under the law.

Respectfully submitted,

*/s/ Joseph L. Cowan, II*
JOSEPH L. COWAN II (ASB-3620-A61J)
BRETT W. AARON (ASB-7508-T50H)
*Attorneys for Defendant*
*QBE Insurance Corporation*

**OF COUNSEL:**
HAND ARENDALL LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
Telephone: (205) 502-0158
Facsimile: (205) 322-1163
Email: jcowan@handarendall.com
       baaron@handarendall.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2017, I served the foregoing by United States Mail to the following:

John Edward Cunningham
Cunningham Law LLC
852 Chestnut Street
Gadsden, AL 35901

Cassandra Johnson, Circuit Clerk
801 Forrest Ave #202,
Gadsden, AL 35901

*/s/ Joseph L. Cowan, II*
OF COUNSEL